**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bradford D. Lund, | ) | No. CV 11-1922-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Janice K. Brewer, Governor of the State of Arizona, in her official capacity; et al., | ) | |
| Defendants. | ) | |

Pending before the Court are Plaintiff's motion for temporary restraining order and motion for preliminary injunction. Both of these motions arise from a guardianship established over Plaintiff in the superior court of Maricopa county. Based on Plaintiff's filings, it appears Joseph Boyle has been appointed Guardian Ad Litem for Plaintiff. However, the current case is brought by counsel Jeff A. Shumway on Plaintiff's behalf against the Guardian Ad Litem and others. (Doc. 9-3 at 1.)

It is clear from Plaintiff's filings that the probate case in which Defendant Judge Robert Myers appointed a guardian ad litem is still on-going. Plaintiff seeks to have this Court intervene in that probate case and: 1) enjoin Defendant Boyle from taking any acting in his capacity as guardian ad litem, 2) enjoin Defendant Boyle from participating in the probate matter involving Plaintiff, 3) stay the discovery requests currently pending in the probate case (Doc. 9-2, at 2) and, 4) terminate the guardianship (Doc. 6-5 at 1).

The *Younger* abstention doctrine provides that federal courts are not to interfere with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971). This abstention doctrine applies "not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("*Younger v. Harris*[], and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.").

Having read the motions in this case, the Court finds that the relief sought falls squarely within the prohibition of *Younger*. Thus, the Court will deny the motions and the request for a hearing. This denial is without prejudice to Plaintiff refiling the motions. If Plaintiff re-files, Plaintiff must first address how this Court can intercede in a state court proceeding without running afoul of *Younger*. Plaintiff shall also address whether Plaintiff has exhausted all appellate remedies available in state court. Finally, if Plaintiff re-files, Plaintiff must propose a bond amount. *See* Fed.R.Civ.Pro. 65. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for temporary restraining order and motion for preliminary injunction (Docs. 6 and 9) are denied.

**IT IS FURTHER ORDERED** that because the Court has not considered the report sought to be filed under seal, the report (lodged at Doc. 7) is stricken from the record. The motion to seal (Doc. 8) is denied as moot (but the stricken document shall remain under seal).

DATED this 7th day of October, 2011.

_____
James A. Teilborg
United States District Judge